BARBARA E. COWAN (SBN 034680)
**WORKPLACE ADVOCATES**
115 South Madison Avenue
Yuma, AZ 85364
Telephone:    (928) 259-7088
Email:        brandi@wpa.law

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DEISY MORENO,<br><br>      Plaintiff,<br><br>    v.<br>NORTH VALLEY COSMETIC SURGERY CENTER, a Professional Limited Liability Corporation, ALEXANDER VILLARES MD, and DOES 1-10, inclusive,<br><br>      Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF TITLE VII;<br>2. RETALIATION IN VIOLATION OF TITLE VII;<br>3. RETALIATION IN VIOLATION OF A.R.S. § 23-1501(3)(c)(ii);<br>4. DISCRIMINATION AND HARASSMENT IN VIOLATION OF A.R.S. § 41-1463;<br>5. RETALIATION IN VIOLATION OF A.R.S. § 41-1464;<br>6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>7. ASSAULT;<br>8. BATTERY; and<br>9. NEGLIGENT TRAINING, SUPERVISION, AND RETENTION.<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

This action arises from the sexual harassment, retaliation, assault, battery, and death threats to Plaintiff ERIN MORENO by employees of THE NVCSC COMPANY, and for the failure of THE NVCSC COMPANY to take any remedial action, or otherwise provide for the safety of Plaintiff while employed by Defendant. Plaintiff seeks damages under all available statutes and by all available remedies, including but not limited to compensatory and emotional distress damages, attorney's fees, costs and injunctive relief.

## THE PARTIES

1.      Defendant NORTH VALLEY COSMETIC SURGERY CENTER (hereinafter "NVCSC") is a professional limited liability corporation headquartered in Scottsdale, Arizona, with its principal place of business also in Scottdale, Arizona. Thus, NVCSC is a citizen of the State of Arizona.

2.      Defendant ALEXANDER VILLARES, MD (hereinafter "VILLARES") is an individual, and a resident of the State of Arizona.  VILLARES is a surgeon licensed by the State of Arizona.

3.      NVCSC and VILLARES will hereinafter be collectively referred to as "DEFENDANTS."

4.      Plaintiff DEISY MORENO (hereinafter "PLAINTIFF" or "MORENO") was, at all times relevant to this Complaint, an employee of Defendant NVCSC.  MORENO is now a citizen of the State of California.

## JURISDICTION AND VENUE

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 1343. Jurisdiction is founded upon the existence of a deprivation of Federal Civil Rights, a substantial Federal question, and in the context of employment, a subject of commerce.

6.      Jurisdiction in this Court is further proper pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs.

7.      This action is brought to remedy sexual harassment and retaliation against Plaintiff MORENO. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42.U.S.C. §§ 2000e-(j), 2000e-2 and 2000e-3(a); the Civil Rights Act of 1991, 42 U.S.C. §

2

1981a.

8.     Supplemental jurisdiction is invoked with respect to Plaintiff's claims under Arizona Revised Statutes 41-1463, for claims arising from the same set of facts and circumstances, and alleging violation of the state laws corollary to Title VII, including, but not limited to the Arizona Civil Rights Act.

9.     Venue is proper in this District because PLAINTIFF was employed by NVCSC in this District, and the acts which are alleged occurred in Scottsdale, Arizona, a city within this District.

10.     Accordingly, this Court has jurisdiction, and venue is proper.

## ADMINISTRATIVE EXHAUSTION

11.     Plaintiff timely filed a charge of discrimination alleging harassment, discrimination, and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a right-to-sue letter from the EEOC and has exhausted her administrative remedies and files this complaint within ninety (90) days of receipt of her EEOC right-to-sue letter.

## FACTUAL BACKGROUND

12.     MORENO is a woman who was employed NVCSC as an office manager and medical assistant from approximately December 30, 2023 until her forced resignation on September 9, 2024

13.     VILLARES is the owner and operator of NVCSC and was MORENO's direct supervisor during her employment.

14.     VILLARES recruited MORENO to relocate from California to Arizona to work for him, promising her stable employment and benefits. Relying on those promises, MORENO moved herself and her two children to Arizona for the position

15.     For the first several weeks of her employment, conditions at NVCSC were tolerable. However, beginning in early 2024, VILLARES began subjecting MORENO to repeated and escalating acts of unwelcome sexual harassment, verbal abuse, and physical intimidation.

16.     VILLARES made repeated sexual comments about MORENO's body, including referring to her "saggy breasts," "loose vagina," and calling her "fat" and "dirty," sometimes in front of other employees and patients.

COMPLAINT FOR DAMAGES

17. VILLARES attempted to kiss MORENO without her consent, grabbed at her buttocks and chest, and on one occasion tried to twist her nipples while other employees were present. When MORENO rebuffed his advances, he laughed and told her, "I don't give a fuck."

18. VILLARES also sent MORENO inappropriate text messages, including calling her a "slut" and making vulgar comments about her personal life.

19. When MORENO objected to this conduct and told VILLARES that his behavior was not acceptable and made her uncomfortable, he became hostile and retaliatory. He reduced her scheduled hours, forced her to work on Saturdays without proper pay, and threatened her job security.

20. In addition to sexual harassment, VILLARES engaged in repeated verbal abuse, frequently yelling at MORENO during surgeries, calling her "stupid," "dumb," and "an idiot." He threw surgical instruments and bodily fluids at her during procedures, behavior witnessed by other employees.

21. During an August 18, 2024 procedure, VILLARES aggressively ripped a surgical instrument from MORENO's hand, causing a needle to pierce her glove and scratch her skin. He berated her in front of the patient and then threw bloody rags at her head when the surgery concluded.

22. VILLARES also humiliated MORENO by walking in on her while she was using the restroom, telling her to "get the fuck out," and prohibiting her from using the restroom that other employees were permitted to use.

23. MORENO repeatedly opposed this unlawful conduct. She told VILLARES directly that she did not feel safe and asked him to stop. She also raised concerns when she witnessed what she reasonably believed to be unsafe and improper medical practices on patients, including the use of unsterile instruments and physical mistreatment.

24. In retaliation for her objections to sexual harassment and unsafe practices, VILLARES escalated his mistreatment of MORENO, further cutting her hours, increasing his verbal and physical abuse, and continuing to subject her to a hostile and intolerable work environment

25. The harassment and retaliation took a severe toll on MORENO's mental health. She developed anxiety and depression, conditions she had not experienced before. She ultimately determined that she could no longer endure the environment at NVCSC.

COMPLAINT FOR DAMAGES

26.    On September 9, 2024, MORENO submitted a written resignation letter citing "mental abuse, aggression, emotional abuse, malpractice, and sexual harassment," and stating that she no longer felt safe working at NVCSC.

27.    As a direct result of Defendants' unlawful conduct, MORENO was forced to resign her employment, amounting to a constructive discharge.

28.    Following Plaintiff MORENO's resignation, Defendants engaged in further retaliation by disparaging her reputation in the medical community, spreading false and derogatory statements about her competence and character, and actively interfering with her ability to secure new employment. Upon information and belief, Defendant VILLARES has told others in the industry negative and untrue things about Plaintiff in order to prevent her from being hired, thereby continuing the campaign of retaliation against her even after the end of her employment.

## COUNT I

## SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT

## IN VIOLATION OF TITLE VII

## AGAINST ALL DEFENDANTS

29.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

30.    Defendant NVCSC was Plaintiff MORENO'S employer.  Defendant VILLARES was Plaintiff MORENO'S direct supervisor during her employment at NVCSC.

31.    Title VII, codified at 42 U.S.C. § 2000e-2(a)(1), makes it an unlawful employment practice for Defendants to harass an employee on the basis of her sex, among other categories, and prohibit an employer from allowing a hostile work environment to exist.

32.    Plaintiff was subjected to unwanted harassing conduct because of her protected status, including the fact that she was female.

33.    During the course of Plaintiff's employment, Defendants, and each of them, created and allowed to exist a hostile work environment and harassed Plaintiff on the basis of her sex.  Plaintiff was subjected to sexual advances, requests for sexual conduct, and/or other verbal and/or physical conduct of a sexual nature.

34.    The conduct was unwelcome.

COMPLAINT FOR DAMAGES

35.    The conduct was sufficiently severe or pervasive to alter conditions of Plaintiff's employment and create a hostile work environment.

36.    Plaintiff MORENO perceived the working environment to be abusive and/or hostile.

37.    A reasonable woman in MORENO's position would consider the working environment to be abusive and/or hostile.

38.    As a direct and proximate result of the willful, knowing, and intentional harassment against Plaintiff, and the failure to act by Defendants, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

39.    Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof at the time of trial.

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII

### AGAINST DEFENDANT NVCSC and DOES 1-10

40.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

41.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

42.    Defendant NVCSC was Plaintiff MORENO'S employer.

43.    Title VII, codified at 42 U.S.C. § 2000e-2(a)(1), makes it an unlawful employment practice for an employer to retaliate against an employee for engaging in protected activity, which includes making a report of sexual harassment, a hostile work environment, unlawful conduct and/or retaliatory conduct.

44.    Defendant NVCSC retaliated against Plaintiff by materially altering the terms and conditions of her employment, and by making it so that no reasonable person would feel safe in the workplace.

COMPLAINT FOR DAMAGES

45.     Defendant NVCSC constructively terminated Plaintiff's employment by making her working conditions so intolerable that a reasonable person in Plaintiff's position would feel compelled to resign.

46.     As a direct and proximate result of the willful, knowing, and intentional discrimination and retaliation against Plaintiff, and the failure to act by Defendants, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

47.     Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof at the time of trial.

## COUNT III

## RETALIATION IN VIOLATION OF THE ARIZONA EMPLOYMENT PROTECTION ACT, A.R.S. § 23-1501(3)(c)(ii)

## AGAINST DEFENDANT NVCSC and DOES 1-10

48.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

49.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

50.     Defendant NVCSC was Plaintiff MORENO'S employer.

51.     The Arizona Employment Protection Act ("AEPA"), as codified in A.R.S. § 23-1501(3)(c)(ii), makes it an unlawful employment practice for Defendants to retaliate against an employee for engaging in protected activity, which includes making a report of sexual harassment, a hostile work environment, unlawful conduct and/or retaliatory conduct.

52.     Defendant NVCSC retaliated against Plaintiff by materially altering the terms and conditions of her employment, and by making it so that no reasonable person would feel safe in the workplace.

53.     Defendant NVCSC constructively terminated Plaintiff's employment by making her

7

COMPLAINT FOR DAMAGES

working conditions so intolerable that a reasonable person in Plaintiff's position would feel compelled to resign.

54.    As a direct and proximate result of the willful, knowing, and intentional discrimination and retaliation against Plaintiff, and the failure to act by Defendants, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

55.    Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof at the time of trial.

## COUNT IV

### DISCRIMINATION AND HARASSMENT IN VIOLATION OF A.R.S. § 41-1463
### AGAINST ALL DEFENDANTS

56.    Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

57.    Defendant NVCSC was Plaintiff MORENO'S employer.

58.    The Arizona Civil Rights Act, codified at A.R.S. § 41-1463, *et. seq.*, makes it an unlawful employment practice for Defendants to harass and/or discriminate against an employee on the basis of her sex, among other categories, and prohibit an employer from allowing a hostile work environment to exist.

59.    Plaintiff was subjected to unwanted harassing conduct because of her protected status, including the fact that she was female.

60.    During the course of Plaintiff's employment, Defendants, and each of them, created and allowed to exist a hostile work environment and harassed and/or discriminated against Plaintiff on the basis of her sex.  Plaintiff was subjected to sexual advances, requests for sexual conduct, and/or other verbal and/or physical conduct of a sexual nature.

61.    The conduct was unwelcome.

62.    The conduct was sufficiently severe or pervasive to alter conditions of Plaintiff's

COMPLAINT FOR DAMAGES

employment and create a hostile work environment.

63.     Plaintiff MORENO perceived the working environment to be abusive and/or hostile.

64.     A reasonable woman in MORENO's position would consider the working environment to be abusive and/or hostile.

65.     As a direct and proximate result of the willful, knowing, and intentional harassment against Plaintiff, and the failure to act by Defendants, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

66.     Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof at the time of trial.

## COUNT V

### RETALIATION IN VIOLATION OF A.R.S. § 41-1464

### AGAINST DEFENDNAT NVCSC and DOES 1-10

67.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

68.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

69.     Defendant NVCSC was Plaintiff MORENO'S employer.

70.     The Arizona Civil Rights Act, codified at A.R.S. § 41-1464, makes it an unlawful employment practice for Defendants to retaliate against an employee for engaging in protected activity, which includes making a report of sexual harassment, a hostile work environment, unlawful conduct and/or retaliatory conduct.

71.     Defendant NVCSC retaliated against Plaintiff by materially altering the terms and conditions of her employment, and by making it so that no reasonable person would feel safe in the workplace.

72.     Defendant NVCSC constructively terminated Plaintiff's employment by making her

COMPLAINT FOR DAMAGES

working conditions so intolerable that a reasonable person in Plaintiff's position would feel compelled to resign.

73.     As a direct and proximate result of the willful, knowing, and intentional discrimination and retaliation against Plaintiff, and the failure to act by Defendants, Plaintiff has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

74.     Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts complained of were known to, authorized and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof at the time of trial.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

75.     Plaintiff incorporates by reference the factual allegations set forth in the preceding paragraphs.

76.     Defendant's wrongful conduct, including but not limited to failing to notify Plaintiff of threats to her life, failing to protect Plaintiff, allowing its employees to subject Plaintiff to fear for her life, and allowing Plaintiff's coworkers to threaten and cause physical, emotional, and psychological injuries to Plaintiff without consequence exceeded the bounds of decency and were extreme and outrageous causing Plaintiff to suffer severe emotional and psychological distress.

77.     As a direct and proximate cause of Defendant NVCSC'S wrongful acts Plaintiff suffered and will continue to suffer in the future great pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, anger, rage, frustration, loss of enjoyment of life, loss of consortium, loss of love and affection, past and future medical expenses for psychological treatment, therapy, and counseling.

/

/

/

10

## COUNT VII

## ASSAULT

## AGAINST ALL DEFENDANTS

78.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

79.    Under Arizona law, an assault occurs when a person intentionally acts in a manner that places another in reasonable apprehension of imminent harmful or offensive contact.

80.    Defendant VILLARES intentionally engaged in conduct that placed Plaintiff MORENO in reasonable apprehension of imminent harmful and offensive physical contact, including but not limited to: attempting to kiss her against her will; making repeated grabbing motions toward her buttocks and breasts; attempting to twist her nipples; and advancing upon her in a physically intimidating manner in the workplace.

81.    Defendant VILLARES further placed Plaintiff in apprehension of imminent harmful contact by throwing surgical instruments, bodily fluids, and bloody rags at or near her, and by ripping surgical instruments from her hands in a hostile and aggressive manner.

82.    As a direct and proximate result of Defendant VILLARES's intentional conduct, Plaintiff MORENO suffered fear, emotional distress, anxiety, and other damages according to proof at trial.

83.    At all times relevant herein, Defendant NVCSC employed Plaintiff MORENO and Defendant VILLARES.

84.    Defendant VILLARES was the owner, operator, and managing physician of NVCSC, and acted as Plaintiff's direct supervisor with authority over her schedule, duties, and terms and conditions of employment.

85.    The wrongful acts of VILLARES, including assault and battery upon Plaintiff, were committed while VILLARES was performing his duties as owner and supervising physician of NVCSC, during working hours, and within the scope of his managerial authority.

86.    NVCSC derived benefit from VILLARES's role as owner and physician, as his actions occurred in the course of surgical procedures, office management, and other workplace activities carried out on behalf of NVCSC.

COMPLAINT FOR DAMAGES

87.    Under well-established principles of respondeat superior and agency law, NVCSC is vicariously liable for the tortious conduct of its agents, including VILLARES, committed in the course and scope of their employment and in furtherance of NVCSC's business.

88.    In addition, NVCSC ratified the wrongful conduct of VILLARES by failing to take any remedial action to stop his abusive conduct, despite Plaintiff's objections and complaints. NVCSC permitted VILLARES to continue supervising Plaintiff, creating a hostile and dangerous work environment.

89.    Accordingly, NVCSC is vicariously liable for the assault and battery committed by VILLARES against Plaintiff, and is jointly and severally liable for Plaintiff's damages.

90.    Plaintiff prays for judgment against Defendants NVCSC VILLARES for general and special damages in an amount to be proven at trial; for punitive damages due to the malicious and outrageous nature of Defendant's conduct; for costs of suit and reasonable attorneys' fees where available; and for such other and further relief as the Court deems just and proper.

## COUNT VIII

## BATTERY

## AGAINST ALL DEFENDANTS

91.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

92.    Under Arizona law, a battery occurs when a person intentionally engages in harmful or offensive physical contact with another without consent.

93.    Defendant VILLARES intentionally subjected Plaintiff MORENO to harmful and offensive physical contact without her consent, including but not limited to: forcibly attempting to kiss her; making unwanted physical contact with her breasts; throwing bloody surgical materials and fluids at her; and making unwanted physical contact with surgical instruments in her hands during medical procedures.

94.    Plaintiff MORENO never consented to such contact, and indeed explicitly objected and told Defendant VILLARES that his conduct was unwelcome.

95.    As a direct and proximate result of Defendant VILLARES's battery, Plaintiff MORENO suffered physical injury, humiliation, emotional distress, and other damages according to proof at trial.

96.     At all times relevant herein, Defendant NVCSC employed Plaintiff MORENO and Defendant VILLARES.

97.     Defendant VILLARES was the owner, operator, and managing physician of NVCSC, and acted as Plaintiff's direct supervisor with authority over her schedule, duties, and terms and conditions of employment.

98.     The wrongful acts of VILLARES, including assault and battery upon Plaintiff, were committed while VILLARES was performing his duties as owner and supervising physician of NVCSC, during working hours, and within the scope of his managerial authority.

99.     NVCSC derived benefit from VILLARES's role as owner and physician, as his actions occurred in the course of surgical procedures, office management, and other workplace activities carried out on behalf of NVCSC.

100.    Under well-established principles of respondeat superior and agency law, NVCSC is vicariously liable for the tortious conduct of its agents, including VILLARES, committed in the course and scope of their employment and in furtherance of NVCSC's business.

101.    In addition, NVCSC ratified the wrongful conduct of VILLARES by failing to take any remedial action to stop his abusive conduct, despite Plaintiff's objections and complaints. NVCSC permitted VILLARES to continue supervising Plaintiff, creating a hostile and dangerous work environment.

102.    Accordingly, NVCSC is vicariously liable for the assault and battery committed by VILLARES against Plaintiff, and is jointly and severally liable for Plaintiff's damages.

103.    Plaintiff prays for judgment against Defendants NVCSC VILLARES for general and special damages in an amount to be proven at trial; for punitive damages due to the malicious and outrageous nature of Defendant's conduct; for costs of suit and reasonable attorneys' fees where available; and for such other and further relief as the Court deems just and proper.

## COUNT IX

### NEGLIGENT TRAINING, SUPERVISION, AND/OR RETENTION

### AGAINST DEFENDANT NVCSC and DOES 1-10

104.    Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DAMAGES

105.     Under Arizona law, an employer may be held directly liable for negligent hiring, supervision, and retention where it knew or should have known that an employee posed an unreasonable risk of harm to others.

106.     Defendant NVCSC employed and vested Defendant VILLARES with authority to supervise Plaintiff MORENO, to perform surgeries and procedures on patients, and to manage the workplace.

107.     NVCSC knew or reasonably should have known of VILLARES's unfitness, dangerous propensities, and history of misconduct, including but not limited to his repeated sexual harassment of staff, unsafe and improper medical practices, verbal abuse, and physical aggression in the workplace.

108.     Despite actual and constructive knowledge of VILLARES's misconduct, NVCSC failed to take reasonable steps to investigate, supervise, or discipline VILLARES, and instead continued to place him in direct authority over Plaintiff and other staff.

109.     NVCSC's negligent hiring, supervision, and retention of VILLARES created and perpetuated unsafe and unhealthful working conditions, which resulted in Plaintiff MORENO being subjected to repeated acts of assault, battery, harassment, and retaliation.

110.     As a direct and proximate result of NVCSC's negligence, Plaintiff suffered physical injury, emotional distress, mental anguish, and other damages in an amount to be determined at trial.

111.     Plaintiff prays for judgment against Defendant NVCSC for general and special damages in an amount to be proven at trial; for punitive damages due to the reckless disregard of Plaintiff's safety; for costs of suit and reasonable attorneys' fees where available; and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

112.     Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

i.     For Plaintiff's general and special damages in an amount to be proven at trial by jury;

ii.     For the fair and reasonable monetary value of Plaintiff's past, present, and future pain and suffering in an amount to be proven at trial by jury;

COMPLAINT FOR DAMAGES

iii.   For the medical expenses incurred up to the date of trial and any additional expenses necessary for future medical care and treatment;

iv.   For punitive damages or exemplary damages to be set by a jury in an amount sufficient to punish Defendants for the outrageous conduct and to make an example out of them so that others do not engage in similar conduct in the future;

v.   For attorneys' fees and costs under any and all provisions as permitted by law;

vi.   For an award of interest, including prejudgment interest, at the legal rate;

vii.   For civil penalties to the full extent permitted by law; and

viii.   For such other and further relief as the court may deem just and proper.

Respectfully submitted,

DATED: September 22, 2025

**WORKPLACE ADVOCATES**

/s/ Barbara E. Cowan
By:     Barbara E. Cowan
Attorneys for Plaintiff DEISY MORENO

COMPLAINT FOR DAMAGES